**COMP**
Gregg A. Hubley (SBN: 7386)
Christopher A.J. Swift (SBN: 11291)
**ARIAS SANGUINETTI WANG & TEAM LLP**
7251 W. Lake Mead Blvd., Suite 114
Las Vegas, Nevada 89128
Telephone:   (702) 789-7529
Facsimile:    (702) 909-7865
Email: LVEfile@aswtlawyers.com
Email: Gregg@aswtlawyers.com
Email: Christopher@aswtlawyers.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| K.T., a minor by and through his Parent, GLORIA TERRAZAS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT; ANTHONY BOONE III, individually and in his capacity as campus security monitor; DOES I-X, and ROE CORPORATIONS I –X, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND** |

**COMES NOW**, Plaintiff, K.T., a minor by and through his natural parent, GLORIA TERRAZAS (collectively, "Plaintiff"), by and through their counsel, and hereby complains and alleges as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action arising under the Constitution of the United States and laws of the United States, including Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.* ("Section 504").

2.     Plaintiff seeks general damages, special damages, enhanced damages (only as to Defendant BOONE), punitive/exemplary damages, reasonable attorney's fees, costs and disbursements of this suit, and any further relief this Court may deem just and equitable.

COMPLAINT FOR DAMAGES AND JURY DEMAND

## II.    PARTIES

3.    Plaintiff K.T. ("Plaintiff" or "K.T.") is, and at all relevant times relevant hereto, was a resident of the State of Nevada.  K.T. suffers from health impairments including attention-deficit/ hyperactivity disorder ("ADHD") and at all relevant times was eligible for special education through Nevada's Individualized Education Program (IEP).

4.    Plaintiff GLORIA TERRAZAS ("GLORIA"), with whom K.T. primarily resides, is and at all times relevant hereto was, a resident of the State of Nevada.  Plaintiff GLORIA brings this action as the natural parent of K.T.

5.    Defendant CLARK COUNTY SCOOL DISTRICT ("CCSD" or "Defendant") is, and at all times relevant hereto was, a division of the County of Clark, a Political Subdivision of the State of Nevada, and is not immune from suit under NRS 41.031.

6.    At the times relevant to the allegations in this Complaint, K.T. attended Jesse D. Scott Elementary School ("Scott Elementary"), a school within CCSD and subject to CCSD's rules and regulations.

7.    Defendant ANTHONY BOONE III ("BOONE" or "Defendant") is, and at all times relevant hereto was, a resident of Clark County, Nevada and was employed as a campus security monitor at Scott Elementary.

8.    At all relevant times, Defendants DOES I-X were and are unknown to Plaintiff and are believed to be directors, employees or agents of Defendant CCSD who acted negligently, carelessly, or recklessly in the control, management, and/or maintenance of school and teaching/educational operations described herein and any and all people who were involved in the incidents described below. The true names, identities or capacities, whether individual or otherwise, of Defendants DOES I-X are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges that each of the Defendants sued herein as DOES I-X are responsible in some manner for the injuries to Plaintiff, that DOES Defendants I-X contributed to the negligence of Defendant CCSD, and/or participated in the unlawful conduct against Plaintiff described herein.  Moreover, DOE Defendants set policies and/or otherwise required employees and agents of CCSD to violate the law and cover-up the physical and mental abuse inflicted on Plaintiff by

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

the Defendants. Their actions and/or omissions proximately caused injuries and damages to Plaintiff. When the true names and capacities of such Defendants become known, Plaintiff will ask leave of Court to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

9. At all relevant times, Defendants ROE CORPORATIONS I-X were and are unknown to Plaintiff and are believed to be corporations, firms, partnerships, associations, or other entities involved in the operation, control, management, and/or maintenance of school and teaching/educational operations described herein and any and all entities who were involved in the incidents described below. The true names, identities or capacities, whether individual or otherwise, of Defendants DOES I-X are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants sued herein as ROE CORPORATIONS are responsible in some manner for the injuries suffered by Plaintiff, in that ROE CORPORATIONS controlled CCSD, set policies for CCSD, and/or caused or contributed to the negligence of Defendant CCSD or others, as alleged herein, which thereby proximately caused the injuries and damages to the Plaintiff. When the true names and capacities of such Defendants become known, Plaintiff will seek leave of Court to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

10. At all times relevant herein, Defendants, and each of them, were the agents, servants, partners, and employees of each and every other Defendant, and were acting within the course and scope of the agency, partnerships, and employment, and, to the extent permitted by the law, are jointly and severally liable.

### III.    JURISDICTION AND VENUE

11. This Court has original federal-question jurisdiction pursuant to 28 U.S.C §§ 1331 and 1343 which afford original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.* ("Section 504") and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

///

COMPLAINT FOR DAMAGES

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

13. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Clark County, Nevada.

## IV.   GENERAL ALLEGATIONS

14. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

15. At all relevant times herein, K.T. was a nine-year-old male student in third grade at Scott Elementary.

16. K.T. suffers from health impairments based on his attention deficit hyperactivity disorder ("ADHD"), and also has a health history of asthma, fainting/syncope, and an anaphylactic allergy with an unknown cause.

17. K.T. is a qualified individual within the meaning of all applicable statutes, including Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12131, and NRS 426.068.

18. At all relevant times to this Complaint, Defendants CCSD and BOONE possessed actual knowledge of K.T.'s mental and physical disabilities, including that he suffers from attention deficit hyperactivity disorder and associated behavioral issues.

19. During the 2023-2024 academic school year, including on April 4, 2024, Defendant BOONE was assigned by CCSD to serve as campus security monitor at Scott Elementary.

20. On April 4, 2024, while acting within the course and scope of his employment as campus security monitor at CCSD, BOONE physically assaulted K.T. to punish him for his disability-related behavioral issues, specifically K.T.'s refusal to report to the school office after fighting with another student peer.

21. According to CCSD's Notice of Use of Physical Restraint, Mechanical Restrain, or Aversive Intervention ("CCF-624"), BOONE physically assaulted K.T. upon K.T.'s attempt to run away from BOONE and away from the school's security office.

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

22.  BOONE responded by forcefully grabbing K.T. by his arms and slamming him up against a wall, causing K.T. to fall to the ground and thereafter suffer a concussion, among other physical and mental ailments (the "Incident").

23.  According to CCSD's Notice of Use of Physical Restraint, Mechanical Restrain, or Aversive Intervention ("CCF-624"), BOONE's physical force against K.T. was done to protect the physical safety of others and that an emergency condition existed to warrant the force used against K.T.

24.  On the same day of BOONE's assault, K.T. sought treatment at UMC Children's Hospital, at which time K.T. was diagnosed with suffering a concussion, requiring K.T. to follow-up for further treatment on April 8, 2024.

25.  On April 15, 2024, K.T. was seen and treated at the emergency department of UMC Children's Hospital and was further treated for his concussion and pain in his cervical spine.

26.  BOONE's application of physical force caused K.T. such pain and trauma that he became fearful of returning to Scott Elementary for school.

27.  K.T. thereafter received psychiatric treatment from providers at Advanced Psychiatry Inc., who informed Scott Elementary and CCSD that K.T. would be unable to return to Scott Elementary until approximately May 8, 2024, due to mental health reasons.

28.  Upon information and belief, Defendant BOONE was never disciplined by CCSD for the abuse committed against K.T., resulting in the continuation of that practice and ratifying its use, despite the fact that it constitutes an unlawful aversive intervention and/or physical restraint.

29.  Upon information and belief, Defendant BOONE had a history of using acts that consisted of unlawful aversive interventions against students, acts of corporal punishment against students, and/or acts involving the application of physical force, or the threat thereof, against students for the purpose of punishing or disciplining the students, and CCSD was aware, or reasonably should have been aware, of this history.

30.  Upon information and belief, Defendant BOONE was never removed from his duties at Scott Elementary and continues to be employed by CCSD as a campus security monitor at Scott Elementary to the present day.

COMPLAINT FOR DAMAGES

31. K.T. continues to suffer enduring pain, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### (Assault)

32. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

33. CCSD and its employees' conduct, including that of BOONE at the time of the Incident, have caused K.T. to suffer apprehension of imminent harmful or offensive contact.

34. By forcefully pulling K.T. by his arms and throwing him up against a wall, BOONE caused K.T. to feel apprehension of harmful or offensive contact, which constitutes assault.

35. BOONE's acts causing such apprehension of imminent harmful or offensive contact were unnecessary to carry out any reasonable purpose or justified educational purpose and the force used by BOONE exceeded what was reasonably necessary under the circumstances.

36. Defendant BOONE's unlawful assault of K.T. was reasonably foreseeable to CCSD under the circumstances, considering the nature and scope of BOONE's employment as campus security monitor, which encompasses exercising control and discipline over students with special needs and behavioral issues.

37. On information and belief, the actions of BOONE alleged herein were further reasonably foreseeable to CCSD because BOONE was permitted to continue in his duties after his propensity for committing such acts of assault became known to his supervisors at CCSD.

38. CCSD is vicariously liable for BOONE's intentional acts of assault alleged herein, and has effectively ratified the conduct of BOONE used during the Incident.

39. As a direct and proximate result of the intentional acts of CCSD and BOONE, K.T. sustained physical, mental, and emotional injuries, including without limitation, injuries/deficits to K.T.'s educational capacity, due to the unprovoked and disproportionate harm to his person by Defendant BOONE, further causing K.T. to suffer from severe terror, pain and suffering, and severe mental anguish, some of which may be permanent in nature, all to his general and compensatory

ARIAS SANGUINETTI WANG & TEAM LLP

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

damage.

40. K.T. was required to incur expenses for medical and psychological/psychiatric care and treatment. Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

41. As a direct and proximate cause of the intentional acts of CCSD and BOONE, K.T. endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

42. As a further proximate result of Defendant's intentional acts, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## SECOND CAUSE OF ACTION

### (Battery)

43. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

44. The use of force employed by BOONE against K.T. as alleged herein during the Incident was unnecessary to carry out any reasonable purpose and exceeded the force reasonably necessary under the circumstances.

45. By forcefully pulling K.T. by his arms and throwing him up against a wall, BOONE made an intentional, unlawful, and harmful contact with K.T.'s body, which constitutes battery.

46. Defendant BOONE's unlawful battery of K.T. was reasonably foreseeable to CCSD under the circumstances, considering the nature and scope of his employment as campus security monitor, the frequency with which disciplinary measures are needed in the classroom, his employment and/or personal history, and his commission of such battery in the presence of other CCSD employees in order to punish, discipline, or gain compliance from students with disabilities.

47. All of the actions of BOONE alleged herein were reasonably foreseeable to CCSD considering the nature of and scope of his employment with CCSD, which encompasses exercising control and discipline over students with special needs and his employment and/or personal history.

COMPLAINT FOR DAMAGES

**ARIAS SANGUINETTI WANG & TEAM LLP**

48. On information and belief, the actions of BOONE alleged herein were further reasonably foreseeable to CCSD because BOONE was permitted to continue in his duties after his propensity for committing such acts of battery became known to his supervisors at CCSD.

49. CCSD is vicariously liable for BOONE's intentional acts of battery alleged herein, and has effectively ratified the conduct of Defendant BOONE with respect to the Incident.

50. As a result of the battery committed by Defendants CCSD and BOONE, K.T. sustained physical, mental and emotional injuries, and, due to the attacks on his person, K.T. suffered from severe terror, pain and suffering, and severe mental anguish, and injuries/deficits to his educational capacity, some of which may be permanent in nature, all to his general and compensatory damage.

51. Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment. Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

52. As a direct and proximate cause of the intentional acts of CCSD and BOONE, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

53. As a further proximate result of Defendant's intentional acts, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## THIRD CAUSE OF ACTION

### (Negligence)

54. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

55. Defendants owed duties to exercise reasonable professional judgment and reasonable care in their interactions with Plaintiff.

56. A special relationship existed between Defendants and Plaintiff, which arose from the mandatory character of school attendance and the comprehensive control over

COMPLAINT FOR DAMAGES

students exercised by school personnel.

57.    CCSD had a duty of care to provide a safe and secure environment for all students, including K.T., and to exercise reasonable care to prevent harm to K.T. at the hands of its security personnel, staff, or other agents, whether negligently or intentionally.

58.    Furthermore, on information and belief, CCSD had the duty to exercise reasonable care to prevent harm to K.T. and other similarly situated students, and this duty included an additional duty to disclose details of any suspected abuse of K.T. to K.T.'s parents.

59.    In addition to CCSD's duties pursuant to Nevada common law, Chapter 391 of the Nevada Administrative Code, Chapters 385, 388, 391, and 432B of the Nevada Revised Statutes, impose additional duties upon CCSD, which duties CCSD breached with respect to K.T., constituting negligence *per se*.

60.    NRS 392.4633(1) prohibits the use of corporal punishment, or "intentional infliction of physical pain upon or the physical restraint of a pupil for disciplinary purposes" and was intended to protect students from the type of injury, abuse, and intimidation that was suffered by K.T.

61.    NRS 432B.220 requires personnel employed by any school in Nevada to report instances of child abuse or neglect, within 24 hours, to a child welfare agency or law enforcement, and was similarly intended to ensure prompt resolution, notice, and remedial measures upon learning of any instance of physical force applied to student children.

62.    CCSD and its employees committed negligence *per se* by inflicting corporal punishment upon K.T. during the Incident discussed herein.

63.    On information and belief, CCSD and its employees committed negligence *per se* by failing to report instances of BOONE's child abuse, both before the April 4, 2024, Incident, and thereafter.

64.    As a direct and proximate result of the negligence of CCSD and its employees, K.T. sustained physical, mental and emotional injuries, and K.T. suffered severe terror, pain and suffering, and severe mental anguish, some of which may be permanent in nature, all to his general and compensatory damage.

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

65.    Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment.  Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

66.    As a direct and proximate cause of the negligence of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

67.    As a further proximate result of Defendant's negligence, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Training, and Supervision)

68.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

69.    CCSD and its supervisory personnel owed students under their care and supervision, including K.T., a protective duty of care, which includes overseeing the educational environment and the performance of its teachers, staff, and security employees, like Defendant BOONE, and taking reasonable measures to guard students, including K.T., against abuse from foreseeable sources, including BOONE.

70.    CCSD has a duty to properly hire, train, and supervise each of its employees, staff, and/or other agents, including Defendant BOONE and any other campus security monitor or other individual working for or under the direction of CCSD who interacted with K.T. at Scott Elementary during the times relevant to the Incident and the allegations herein.

71.    On information and belief, BOONE was unfit to perform the work for which he was hired to do.

72.    On information and belief, CCSD and its supervisory personnel knew or should have known that BOONE had a propensity to use physical punishment, corporal punishment, and unlawful

**ARIAS SANGUINETTI WANG & TEAM LLP**

aversive interventions against students and was so abusing students at Scott Elementary.

73. On information and belief, CCSD knew BOONE was not qualified to serve as a campus security monitor when it assigned BOONE to work at Scott Elementary during the 2023-2024 academic school year.

74. CCSD breached its duties to K.T. by failing to properly hire, train and supervise each of its employees, staff, and/or other agents, resulting in BOONE's excessive physical discipline of K.T.

75. CCSD breached its duties to K.T. by failing to properly train its employees in the use of unlawful aversive interventions and/or physical restraints, the need to properly document and report aversive interventions and neglectful behavior, and in relation to the State prohibition against the use of corporal punishment on a student, particularly a vulnerable child suffering from ADHD, behavioral issues, and other health impairments.

76. CCSD breached its duties to K.T. by entrusting and placing BOONE in the position as campus security monitor at Scott Elementary despite CCSD's awareness of BOONE's propensity for using physical punishment, corporal punishment, and/or unlawful aversive interventions against students, which permitted BOONE's physical discipline of K.T. as alleged herein.

77. CCSD breached its duties to K.T. by negligently hiring an employee who physically abused K.T. at the time of the April 4, 2024, Incident discussed herein.

78. CCSD ratified the unlawful and improper acts of its employees, including BOONE for his conduct during the Incident, by failing to impose proper discipline on them and by failing to make clear that the use of corporal punishment against students with disabilities violates CCSD policy and State law.

79. As a direct and proximate result of the negligent hiring, training, and supervision practices of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and K.T. suffered from severe terror, pain and suffering, and severe mental anguish, education deficits, some of which may be permanent in nature, all to his general and compensatory damage.

80. Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment. Leave to amend this Complaint is requested so that this

COMPLAINT FOR DAMAGES

amount can be introduced so as to conform to proof at the time of trial.

81.     As a direct and proximate cause of the negligent hiring, training, and supervision of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

82.     As a further proximate result of Defendant's negligent hiring, training, and supervision, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## FIFTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

83.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

84.     Nevada law entitles a plaintiff to damages for negligent infliction of emotional distress if the plaintiff establishes (a) that the defendant negligently caused an accident or injury, (b) that the plaintiff was injured, and (c) that the negligent conduct used by defendant actually or proximately caused the plaintiff emotional distress.

85.     In subjecting K.T. to the abuse alleged herein during the Incident, BOONE negligently caused K.T. emotional distress, in addition to physical injuries.

86.     K.T. was particularly vulnerable because of his age and disabilities, including having ADHD and associated behavioral issues.

87.     BOONE knew K.T. was particularly vulnerable given his mental and behavioral deficits and knew that his abuse of K.T. would likely result in harm due to mental distress.

88.     CCSD is liable for injuries proximately caused by the acts or omissions of its employees acting within the course and scope of their employment.

89.     CCSD and its employees either negligently caused, or intended to cause K.T. emotional distress by using the conduct described herein during the Incident, or acted with a reckless disregard

COMPLAINT FOR DAMAGES

for the potential that their conduct would cause K.T. emotional distress.

90.    As a direct and proximate result of the intentional acts of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and K.T. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which may be permanent in nature, all to his general and compensatory damage.

91.    Plaintiff was required to incur expenses for medical and psychological/psychiatric care in amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment.  Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

92.    As a direct and proximate cause of the negligent acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

93.    As a further proximate result of Defendant's negligence, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

94.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

95.    Nevada law entitles a plaintiff to damages for intentional infliction of emotional distress if the plaintiff establishes (a) that the defendant used extreme and outrageous conduct with the intention of, or a reckless disregard for, causing emotional distress, (b) that the plaintiff actually suffered severe or extreme emotional distress, and (c) that the extreme conduct used by defendant actually or proximately caused the emotional distress.

96.    In subjecting K.T. to the abuse alleged herein, BOONE engaged in extreme and outrageous conduct beyond the bounds tolerated in a decent society.

97.     BOONE was an adult professional in charge of the security and safety of minor children, including K.T., suffering from substantial behavioral issues and learning disabilities.

98.     K.T. was particularly vulnerable because of his age and disabilities, including having ADHD and other health and behavioral ailments.

99.     BOONE knew that K.T. was particularly vulnerable given his mental and behavioral deficits and knew that his abuse of K.T. would likely result in harm due to mental distress.

100.     BOONE's abuse of K.T. was done with the intent to cause K.T. extreme emotional distress, or at a minimum, was done with a reckless disregard as to whether such actions would cause such extreme emotional distress.

101.     CCSD is liable for injuries proximately caused by the acts or omissions of its employees acting within the course and scope of their employment.

102.     CCSD and its employees intended to cause K.T. emotional distress by using the conduct described herein, or acted with a reckless disregard for the potential that their conduct would cause K.T. emotional distress.

103.     As a direct and proximate result of the intentional acts of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and K.T. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which may be permanent in nature, all to his general and compensatory damage.

104.     Plaintiff was required to incur expenses for medical and psychological/psychiatric care in amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment.  Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

105.     As a direct and proximate cause of the intentional acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

COMPLAINT FOR DAMAGES

**ARIAS SANGUINETTI WANG & TEAM LLP**

106. As a further proximate result of Defendants' conduct, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

### SEVENTH CAUSE OF ACTION

### (Violation of Constitutional Rights, 42 U.S.C. § 1983)

107. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

108. Plaintiff K.T. had constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizures, to be secure in his person, and to maintain his bodily integrity against unreasonable assaults on his person.

109. Defendants violated the rights of Plaintiff under the Fourth Amendment and Fourteenth Amendment by using unjustified and unreasonable force against him and/or by failing to prevent it.

110. Defendants' conduct was objectively unreasonable under the circumstances and in light of the educational objectives pertaining to K.T. at the time of the Incident.

111. Defendant BOONE was acting in his capacity as a CCSD campus security monitor and was therefore acting under color of law and pursuant to authorization by the State of Nevada.

112. BOONE was acting in this capacity when he physically abused K.T. using excessive force, which is in violation of the Fourth and Fourteenth Amendment's right to bodily integrity and right to be free from excessive physical intrusions.

113. BOONE's conduct in physically seizing Plaintiff unlawfully subjected K.T. to excessive, unreasonable, and unnecessary physical force.

114. Defendants violated the rights of K.T. under the Fourth and Fourteenth Amendments to the U.S. Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to Plaintiff from BOONE.

115. Plaintiff alleges Defendants personally participated in the deprivation of K.T.'s constitutional rights by their failure to act in response to allegations of serious child abuse, and their deliberate indifference to the fact that abuse was occurring.

/ / /

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

116.     Defendants personally participated in the deprivation of constitutional rights of Plaintiff by their failure to act in response to prior reports of ongoing abuse of disabled students, including K.T., by BOONE.

117.     On information and belief, the actions of Defendants and other CCSD administrators and employees, as described herein, were objectively unreasonable, willful and wanton, in light of the facts and circumstances.

118.     On information and belief, CCSD violated the constitutional rights of K.T. by its failure to maintain adequate policies or conduct adequate training to prevent violations of the constitutional rights of disabled students.  On information and belief, CCSD had multiple "written" policies, regulations, rules, and practices which contributed to the occurrence of the Incident which gave rise to the constitutional violations in this case.  Multiple persistent and widespread customs and practices of CCSD gave rise to the constitutional violations alleged herein. Violations such as the ones inflicted on Plaintiff were an obvious risk of the procedures adopted by CCSD and its policymakers. CCSD's acts and omissions constitute deliberate indifference.

119.     On information and belief, CCSD also violated the constitutional rights of Plaintiff when it displayed deliberate indifference to the demonstrated propensity of BOONE to violate the constitutional rights of citizens in the manner that Plaintiff's rights were violated.

120.     The actions of Defendants, as described above, including but not limited to, the use of corporal punishment and the repeated failure to report or document the uses of corporal punishment, violated State law and CCSD's own written policies.

121.     The actions taken, or not taken, in response to Defendant BOONE's conduct by Defendant CCSD amounted to the adoption of the practices, customs, or policies being used by Defendant BOONE during the 2023-2024 academic school year.

122.     CCSD knew, or should have known, about the intentional and abusive practices being used by its security personnel, including BOONE, against K.T. and other students, which are so well-known as to constitute a custom or usage at Scott Elementary, as well as other schools within CCSD. Nonetheless, CCSD failed to take affirmative action to provide for the safety and well-being of K.T.

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

and other similarly situated children.

123.    As a direct and proximate result of the intentional and negligent acts of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and K.T. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which may be permanent in nature, all to his general and compensatory damages.

124.    Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment.  Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

125.    As a direct and proximate cause of the intentional and negligent acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

126.    CCSD's actions, and that of its employees, were malicious, deliberate, intentional, oppressive, and wanton, and were embarked upon with the knowledge of, or in conscious disregard to, the harm that would be inflicted upon K.T.  As a result of said intentional conduct, K.T. is entitled to an award of exemplary/punitive damages to punish Defendants and to deter others from similar conduct.

127.    Defendants, and each of them, have, acting under the color of State law, deprived K.T. of the rights, privileges, or immunities secured to him by the Constitution of the State of Nevada, Article I, § 2 and § 9, the Constitution of the United States of America, and 42 U.S.C. § 1983.

128.    As a further proximate result of Defendants' conduct, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

///

///

///

COMPLAINT FOR DAMAGES

**EIGHTH CAUSE OF ACTION**

**(Violation of Constitutional Right to Equal Protection)**

129. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

130. The actions of Defendants, as set forth herein, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, § 9 of the Constitution of the State of Nevada, in that such actions are not inflicted upon other students in CCSD who do not suffer from disabilities.

131. As set forth above, during the relevant time period, CCSD and BOONE (a) used corporal punishment on K.T., (b) failed to timely report witnessed incidents of abuse as required by CCSD policy and State law, and (c) ratified the improper abuse, neglect and misconduct as alleged herein.

132. The forms of abuse and negligence that were committed by CCSD against K.T., as described herein, were not inflicted on children without disabilities who were also attending a public school in Clark County, Nevada, constituting a violation of equal protection.

133. As a direct and proximate result of the intentional and negligent acts of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and M.S. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which may be permanent in nature, all to his general and compensatory damage.

134. Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment. Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

135. As a direct and proximate cause of the intentional and negligent acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

COMPLAINT FOR DAMAGES

136. CCSD's actions, and that of its employees, were malicious, deliberate, intentional, oppressive, and wanton, and were embarked upon with the knowledge of, or in conscious disregard to, the harm that would be inflicted upon K.T. As a result of said intentional conduct, K.T. is entitled to an award of exemplary/punitive damages to punish Defendants and to deter others from similar conduct.

137. Defendants, and each of them, have, acting under the color of State law, deprived K.T. of the rights, privileges, or immunities secured to him by the Constitution of the State of Nevada, Article I, § 2 and § 9, the Constitution of the United States of America, and 42 U.S.C. § 1983.

138. As a further proximate result of Defendants' conduct Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## NINTH CAUSE OF ACTION

### (Criminal Violations Motivated by Characteristics of the Victim, NRS 41.690)

139. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

140. On information and belief, the use of force, as alleged herein, by BOONE against K.T. constituted willful violations of NRS §§ 200.400 (battery) and 200.508 (abuse/neglect).

141. BOONE's willful violations of these provisions as they relate to Plaintiff were motivated by the actual or perceived disabilities of K.T.

142. As a direct and proximate result, Plaintiff has suffered damages as alleged herein.

143. As a further proximate result of Defendants' conduct, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter.

## TENTH CAUSE OF ACTION

### (Violation of Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*)

144. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

///

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

145.    K.T. suffers from suffers from health impairments based on his attention deficit hyperactivity disorder ("ADHD") and further has a health history of asthma, fainting/syncope, and an anaphylactic allergy with an unknown cause.

146.    K.T. is, and was at all relevant times, a qualified individual within the meaning of all applicable statutes, including the Americans with Disabilities Act, 42 U.S.C. § 12131.

147.    Title II of the ADA and regulations promulgated thereunder, including 28 C.F.R. Part 35, protects persons from discrimination on the basis of disability by any "public entity," including state and local governmental agencies and departments, including CCSD.

148.    Pursuant to 42 U.S.C. § 12132, no qualified individual with a disability, by reason of such disability, may be excluded from participation in, denied the benefits of the services, programs, or activities of the public entity, or subject to discrimination by such entity.

149.    As set forth above, during the relevant time period, CCSD and BOONE (a) used corporal punishment on K.T., (b) failed to timely report witnessed incidents of abuse as required by CCSD policy and State law, and (c) ratified the improper abuse, neglect and misconduct as alleged herein.

150.    The forms of abuse and negligence that were committed by CCSD against K.T. as described herein, were not inflicted on children without disabilities who were also attending a public school in Clark County, Nevada, and this violates the prohibition against discrimination solely on the basis of a disability.

151.    Defendants, and each of them, have violated K.T.'s rights under the ADA and the regulations promulgated thereunder, by committing the outrageous intentional acts and other acts of negligence described herein, denying K.T. the benefits of the services, programs, and activities to which he is otherwise entitled from CCSD.

152.    On information and belief, Defendants and other CCSD employees or agents were deliberately indifferent to prior reports and/or complaints of abuse committed by BOONE because the victims of the abuse, including K.T., were persons with disabilities.

/ / /

COMPLAINT FOR DAMAGES

153. Furthermore, on information and belief, CCSD knew, or should have known, about the intentional and abusive practices being used by its security personnel, including BOONE, against K.T. and other students, which are so well-known as to constitute a custom or usage at Scott Elementary, as well as other schools within CCSD. Nonetheless, CCSD failed to take affirmative action to provide for the safety and well-being of K.T. and the students in his class.

154. As a direct and proximate result of the intentional and negligent acts of CCSD and its employees, K.T. sustained physical, mental, and emotional injuries, and K.T. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which may be permanent in nature, all to his general and compensatory damage.

155. Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment. Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial.

156. As a direct and proximate cause of the intentional and negligent acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

157. As a further proximate result of Defendant's negligence, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter pursuant to 42 U.S.C. § 12133.

## ELEVENTH CAUSE OF ACTION

### (Abuse of a Vulnerable Person/Enhanced Damages)

158. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

159. At all times relevant to the allegations of this Complaint, K.T.. was a "vulnerable person," according to Nevada law, in that he suffers from suffers from health impairments based on his attention deficit hyperactivity disorder ("ADHD"), among other health and behavioral ailments, which

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

constitutes a mental impairment that substantially limits one or more of the major life activities of the person, and he has a medical and/or psychological record of the impairment. NRS 41.1395(1)(e).

160.    Because of the critical needs to protect vulnerable persons from abuse and exploitation, the Nevada legislature has enacted a law that provides that if a vulnerable person suffers a personal injury or death that is caused by abuse or neglect, the person who caused the injury, death or less is liable to the vulnerable person for two times the actual damages incurred by the vulnerable person.

161.    Defendant BOONE committed acts of abuse against K.T., a vulnerable person, when he forcefully pulled K.T. by the arms and threw him up against a wall, which caused K.T. pain, physical injury, and severe mental anguish.

162.    Defendant BOONE acted with recklessness, oppression, fraud, and/or malice, in the acts of abuse he committed against K.T., and, pursuant to NRS 41.1395(2), the Court should Order him to pay all of the attorney's fees and costs incurred by Plaintiff in this proceeding.

163.    This Court should enter an award of enhanced damages to Plaintiff pursuant to NRS 41.1395(1).

## TWELFTH CAUSE OF ACTION

### (Violation of the Rehabilitation Act of 1973)

164.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as if fully set forth herein.

165.    The Rehabilitation Act of 1973 § 504 forbids organizations that receive federal funding, including public schools, from discriminating against people with disabilities.  Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

166.    By virtue of his age and having been diagnosed as suffering from ADHD and associated health and behavioral ailments, K.T. is a qualified person with a disability pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

/ / /

/ / /

Page 22

COMPLAINT FOR DAMAGES

167. Regulations implementing § 504, including 34 C.F.R. § 104.33(b)(1)(i), require recipients of federal funds provide all students an "appropriate education," which encompasses "regular or special education and related aids and services that . . . are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met[.]"

168. Defendant CCSD is a recipient of federal funding for its educational programs, activities and services.

169. On information and belief, Defendant CCSD has violated § 504 and applicable regulations under the Rehabilitation Act by denying Plaintiff meaningful access to its educational programs, activities and services by failing to investigate complaints of abuse and neglect of Plaintiff and other similarly situated children to April 4, 2024, failing to appropriately discipline Defendant BOONE for his acts of physical abuse, as set forth hereinabove, and failing to notify appropriate authorities of these abuse and neglect allegations.

170. Defendant CCSD exhibited willful indifference to Plaintiff's rights as a qualified student with a disability by failing to follow establishing State, local, and CCSD guidelines regarding aversive interventions, corporal punishment, and notification to all necessary parties following reports of use of physical force against students.

171. Defendant CCSD exhibited willful indifference to Plaintiff's rights as a qualified student with a disability by failing to implement policies and procedures to ensure that allegations of neglect and abuse of students with disabilities were investigated promptly in an objective and impartial manner.

172. On information and belief, as a direct and proximate result of the conduct of CCSD and the policy put in place at Scott Elementary, allegations of mistreatment and abuse by BOONE and/or by CCSD employees against vulnerable persons, including K.T., CCSD permitted BOONE the opportunity to commit the abuse complained of on April 4, 2024.

173. As a direct and proximate result of the conduct of CCSD and the policy put in place at Scott Elementary, K.T. was exposed to abusive and neglectful conduct by BOONE, causing him to suffer physical and psychological harm. Due to the extensive abuse and neglect

COMPLAINT FOR DAMAGES

ARIAS SANGUINETTI WANG & TEAM LLP

ARIAS SANGUINETTI WANG & TEAM LLP

by BOONE, K.T. suffered from severe terror, pain and suffering, and severe mental anguish, educational deficits, some of which will be permanent in nature, all to his general and compensatory damage in an amount to be proven at trial.

174.    Plaintiff was required to incur expenses for medical and psychological/psychiatric care in an amount unknown at this time, and will be required to incur expenses in the future for medical and psychological/psychiatric care and treatment.  Leave to amend this Complaint is requested so that this amount can be introduced so as to conform to proof at the time of trial, and these special damages will be in an amount to be proven at trial.

175.    As a direct and proximate cause of the intentional and negligent acts of CCSD and its employees, Plaintiff endures pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will continue to endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at the time of trial.

176.    As a further proximate result of Defendant's negligence, Plaintiff was forced to retain the services of attorneys in this matter and should be awarded all attorney's fees and costs incurred in this matter pursuant to the Rehabilitation Act of 1973.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

1.    For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof upon trial;

2.    For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00), according to proof upon trial;

3.    For reasonable attorney's fees incurred herein;

4.    For Plaintiff's costs and disbursements of this suit;

5.    For an award of enhanced damages against Defendant BOONE, pursuant to NRS 41.1395(1);

6.    For an award of punitive/exemplary damages, as Defendants acted oppressively and maliciously in repeatedly violating K.T.'s rights by committing acts of corporal punishment against

COMPLAINT FOR DAMAGES

him and thereafter concealing such abuse; and

7. For such further relief as this Court may deem just and equitable.

### VII.    DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury on all issues so triable.

Dated: July 8, 2026                    **ARIAS SANGUINETTI WANG & TEAM LLP**

By: _____
GREGG A. HUBLEY
CHRISTOPHER A.J. SWIFT
*Attorneys for Plaintiff*

Page 25

COMPLAINT FOR DAMAGES